IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02084-BNB

CRAIG ROBLEDO,

    Applicant,

v.

BRENDAN SCHAEFFER, and
JOHN DAVIS,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Craig Robledo, initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) while he was confined at the Bexar County Jail in San Antonio, Texas.  Mr. Robledo alleged in the original application that he was being held in Texas pursuant to a parole hold from the State of Colorado.  On September 18, 2013, Mr. Robledo filed a notice of change of address and advised the Court that his parole had been revoked and that he was incarcerated in Colorado.  (*See* ECF No. 16.)  On October 2, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Robledo to file an amended application that names a proper Respondent and that clarifies the claims he is asserting in this action.  On October 17, 2013, Mr. Robledo filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 21).  On November 26, 2013, Mr. Robledo filed a Notice of Change of Address (ECF No. 27) and advised the Court that he was released on parole on November 8, 2013.  According to his most recent Notice

of Change of Address (see ECF No. 41), Mr. Robledo's parole again was revoked following a hearing on January 17, 2014, and he currently is incarcerated in the custody of the Colorado Department of Corrections.

On October 21, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a preliminary response limited to addressing whether any of Mr. Robledo's claims are moot and the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondents intend to raise either or both of those defenses in this action. On November 8, 2013, Respondents filed a Preliminary Response (ECF No. 26) arguing that this action should be dismissed for failure to exhaust state remedies. Respondents did not address in the Preliminary Response whether any of Mr. Robledo's claims are moot.

On December 6, 2013, Magistrate Judge Boland ordered Respondents to file a supplement to the Preliminary Response that addresses whether Applicant's claims in the amended application were moot in light of his release on parole on November 8, 2013. On December 11, 2013, Respondents filed a Supplement to Preliminary Response (ECF No. 29) arguing that Mr. Robledo's claims are moot to the extent he seeks to be released from incarceration. On January 9, 2014, Magistrate Judge Boland entered a minute order extending the time for Mr. Robledo to file a reply to the Supplement to Preliminary Response until January 31, 2014. On February 5, 2014, Mr. Robledo filed a document titled "Memorandum of Supplement to Response" (ECF No. 42) as his response to the Supplement to Preliminary Response.

The Court must construe the amended application and other papers filed by Mr. Robledo liberally because he is not represented by an attorney. *See Haines v. Kerner*,

404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Robledo asserts four claims in the amended application. He first claims that he was denied due process in connection with a Colorado parole board decision denying him release on parole in September 2012. In his second claim Mr. Robledo challenges the mandatory parole portion of his Colorado sentence, which led to his placement on parole at the conclusion of his prison sentence in January 2013. Mr. Robledo contends in his third claim that his incarceration in Texas and Colorado after July 22, 2013, violates double jeopardy because he had finished his sentence by that time. Finally, in his fourth claim Mr. Robledo challenges his extradition from Texas to Colorado in August 2013. Mr. Robledo also makes a vague and conclusory allegation within his fourth claim that there was no evidence to support revocation of his parole on September 6, 2013. As relief in the amended application Mr. Robledo seeks immediate release from prison and to be discharged from parole supervision. In addition to the four claims in the amended application, Mr. Robledo states in the "Memorandum of Supplement to Response" that "I now seek leave to supplement this claim/action, now that the CDOC has given me another sham hearing on 01/17/14 and placed me back in prison in the same manner." (ECF No. 42 at 2.) Mr. Robledo has not filed a proper motion to amend, and he has not submitted an amended pleading that provides specific factual allegations in support of the new claim he seeks to raise. Nevertheless, the Court will consider the claim.

As noted above, Respondents argue that Mr. Robledo's claims in the amended

application are moot in part. Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009); *see also McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."). Furthermore, an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez*, 558 U.S. at 92 (internal quotation marks omitted).

A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that the plaintiff's legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required.") "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology,* 506 U.S. at 12 (internal quotation marks omitted).

It is clear that Mr. Robledo's claims challenging parole board proceedings that resulted in the denial of release on parole in September 2012 and the revocation of his parole in September 2013 are moot. Once Mr. Robledo was released on parole in January 2013, he no longer had a redressable injury arising from the denial of his parole application in September 2012. *See Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986) (per curiam) (dismissing appeal as moot because the petition challenged only

determinations that delayed defendant's parole date and he already had been released on parole). As a result, "the best this court could do for him would be to declare [in an advisory opinion] that he spent longer in prison than he should have," which is not enough to satisfy Article III. *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012); *see also Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (stating that the federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."). Similarly, once Mr. Robledo was released on parole in November 2013, he no longer had a redressable injury arising from the revocation of his parole in September 2013.

Applicant could avoid dismissal of his claims challenging these parole board proceedings as moot by establishing the existence of continuing collateral consequences as a result of the denial of his release on parole in September 2012 and the revocation of parole in September 2013. *See Spencer*, 523 U.S. at 7-8. However, Mr. Robledo does not demonstrate any collateral consequences resulting from either parole decision that would overcome a finding of mootness and no such collateral consequences are apparent. The fact that Mr. Robledo's parole was revoked again following a separate and distinct hearing on January 17, 2014, does not alter the Court's conclusion that his claims challenging parole board actions in September 2012 and September 2013 are moot. Therefore, Mr. Robledo fails to present a case or controversy for purposes of Article III with respect to the September 2012 and September 2013 parole board actions, and his claims challenging those actions will be dismissed for lack of subject matter jurisdiction.

The Court next will address Mr. Robledo's second claim for relief that challenges

the mandatory parole portion of his sentence.  Mr. Robledo's claim challenging the validity of the mandatory parole portion of his sentence may not be raised in this habeas corpus action pursuant to § 2241 because that claim challenges the validity of a state court sentence and must be raised in a habeas corpus action pursuant to 28 U.S.C. § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  The Court notes that Mr. Robledo has filed in the District of Colorado two habeas corpus actions pursuant to § 2254 challenging the validity of his Colorado convictions and sentences.  *See Robledo-Valdez v. United States*, No. 13-cv-02558-BNB (D. Colo. filed Sept. 18, 2013) (challenging Park County convictions); *Robledo v. Jones*, No. 11-cv-02130-LTB (D. Colo. Nov. 28, 2011) (challenging Jefferson County conviction), *certificate of appealability denied and appeal dismissed*, 464 F. App'x 773 (10th Cir.), *cert. denied*, 133 S. Ct. 342 (2012).  The Court will not consider in this action the merits of Mr. Robledo's second claim for relief challenging the validity of the mandatory parole portion of his sentence because he is challenging the validity of his Colorado convictions and sentences in separate habeas corpus actions pursuant to § 2254.  Instead, the second claim will be dismissed without prejudice.

Finally, the Court will address Mr. Robledo's double jeopardy claim and his claim challenging his extradition from Texas to Colorado.  Because it is not clear whether these claims are moot, the Court will consider Respondents' argument that the claims should be dismissed for failure to exhaust state court remedies.  The Court also will consider whether Mr. Robledo has exhausted state court remedies for the new claim he raises challenging his parole revocation in January 2014.

Mr. Robledo may not challenge the execution of his sentence in federal court in a

habeas corpus action pursuant to 28 U.S.C. § 2241 unless he has exhausted state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Robledo fails to demonstrate he has exhausted state remedies with respect

to his double jeopardy claim, his claim challenging his extradition from Texas to Colorado, or his new claim challenging his parole revocation in January 2014.  Even assuming Mr. Robledo's claim challenging his parole revocation in September 2013 was not moot, he also fails to demonstrate he has exhausted state remedies with respect to that claim.  In fact, there is no indication or allegation that Mr. Robledo has made any attempt to present any of these claims to the Colorado state courts.  Therefore, those claims will be dismissed without prejudice for failure to exhaust state remedies.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice for the reasons stated in this order. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   11th   day of    February         , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court