IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02084-LTB

CRAIG ROBLEDO,

    Applicant,

v.

BRENDAN SCHAEFFER, and
JOHN DAVIS,

    Respondents.

---

ORDER DENYING PETITION FOR REHEARING

---

    Applicant, Craig Robledo, has filed *pro se* a Petition for Rehearing (ECF No. 52) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 43) and the Judgment (ECF No. 44) entered in this action on February 11, 2014. The Court must construe the Petition for Rehearing liberally because Mr. Robledo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the Petition for Rehearing pursuant to Rule 59(e) because the Petition for

Rehearing was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

In the instant action Mr. Robledo asserts a number of claims challenging the execution of his Colorado sentence. The Court dismissed the action without prejudice because Mr. Robledo's claims challenging parole decisions made in September 2012 and September 2013 are moot, his claim challenging the validity of the mandatory parole portion of his sentence may not be raised in this action, and his other claims are not exhausted. The Court also noted that Mr. Robledo's claim challenging the September 2013 parole decision was not exhausted. Mr. Robledo contends in the Petition for Rehearing that the September 2012 and September 2013 parole claims are not moot, he can provide specific factual allegations in support of the September 2013 parole claim, and he should not be incarcerated any longer.

After review of the Petition for Rehearing and the entire file, the Court finds that Mr. Robledo fails to demonstrate some reason why the Court should reconsider and vacate the order dismissing this action.  The Court remains convinced that the September 2012 and September 2013 parole claims are moot and Mr. Robledo fails to present any reasoned argument to demonstrate that his claims are exhausted. Therefore, the Petition for Rehearing will be denied.  Accordingly, it is

ORDERED that the Petition for Rehearing (ECF No. 52) is DENIED.

DATED at Denver, Colorado, this   12th   day of   March   , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court